UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE BISHOP and EMILY ANIBAL, on behalf of themselves and all those similarly situated,
    Plaintiffs,

Case No. 20-cv-0002-JTN-RSK

v.

Hon. Hala Y. Jarbou

McDONALD'S USA, LLC, McDONALD'S CORPORATION, and MLMLM CORPORATION d/b/a McDONALD'S
    Defendants.

Mag. Judge Ray L. Kent

---

DARCIE R. BRAULT (P43864)
McKnight, Canzano, Smith, Radtke & Brault, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

GILLIAN THOMAS
American Civil Liberties Union
Women's Rights Project
125 Broad Street
New York, NY 10004
(212) 284-7356
gthomas@aclu.org

EVE H. CERVANTEZ
ELIZABETH VISSERS
Altshuler Berzon, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
ecervantez@altshulerberzon.com
evissers@altshulerberzon.com

*Attorneys for Plaintiffs*

C. THOMAS LUDDEN (P45481)
JESSICA L. WYNN (P75442)
Lipson Neilson, P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
tludden@lipsonneilson.com
jwynn@lipsonneilson.com

*Attorneys for Defendant MLMLM Corp.*

ELIZABETH B. McREE
ANDREW J. CLOPTON
JENNIFER W. PLAGMAN
Jones Day
77 W. Wacker Drive
Chicago, IL 60601-1692
(312) 269-4374
emcree@JonesDay.com
aclopton@JonesDay.com
jplagman@JonesDay.com

*Attorneys for McDonald's USA LLC and McDonald's Corporation*

---

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**
**(Oral Argument Requested)**

Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal move for class certification, as follows:

1. Plaintiffs bring this action pursuant to the Elliott Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws §37.2101, *et seq.*, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, *et seq.*, against defendants MLMLM Corporation and M.A.A.K.S., Inc., ("Franchise Defendants") and McDonald's USA, LLC and McDonald's Corporation ("Corporate Defendants"), seeking redress on behalf of themselves and those similarly situated for rampant sexual harassment and a hostile work environment while they were employed at Defendants' McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan.

2. Plaintiffs seek certification of their claims for monetary relief against all Defendants under Federal Rule of Civil Procedure 23(b)(3), and also seek certification of their claims for injunctive relief against Corporate Defendants under Federal Rule of Civil Procedure 23(b)(2). (Franchise Defendants have sold their restaurants and gone out of business, making it impossible for Plaintiffs to obtain injunctive relief against them.) Alternatively, Plaintiffs seek issue certification under Federal Rule of Civil Procedure 23(c)(4).

3. Plaintiffs seek certification of a class of all women who worked in a position below the level of Assistant Manager at Defendants' McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016 (the "Class").

4. Plaintiffs Ries and Bishop also seek certification of a subclass of all members of the proposed Class who worked during at least one shift with Shawn Banks since January 12, 2019 (the "Title VII Subclass").

5. The proposed Class and Title VII Subclass meet all requirements of Rule 23 of the Federal Rules of Civil Procedure. The Class of 95 women and Subclass of 22 women each is

2

numerous. Named Plaintiffs are typical and adequate: They, like other Class and Subclass members, were subjected to the same hostile work environment in the same enclosed environment by the same harasser. Plaintiffs have and will vigorously pursue this case, including through competent counsel. Common questions predominate over individual ones, and the case can be manageably tried. A class action is the superior vehicle for resolving this dispute because key elements of Named Plaintiffs' and class members' claims will be proven with common evidence and it will be much more efficient to present this information once, in a common class trial, rather than over and over again in potentially dozens of individual lawsuits:

- Plaintiffs will establish the existence of an **objectively hostile work environment** through common evidence from multiple sources – their own testimony, testimony from other workers, and written statements from additional women drawn from Franchise Defendants' belated investigation of Banks. Because courts determine the existence of a hostile work environment by evaluating the "totality of the circumstances," such testimony from multiple women would be admissible in any worker's individual case.

- The question of **employer liability** also is susceptible to common proof: Named Plaintiffs and other workers will testify that Banks's loud voice was inescapable, that multiple managers heard and saw what was happening, and that women lodged repeated complaints, while six company managers will testify that they somehow never saw or heard Banks's harassment, and that it was not reported to them. Common company documents and Defendants' witness testimony about job responsibilities, hierarchy of control, and policies and training will establish that these managers' knowledge must be imputed to Defendants, and the inadequacy of Defendants' preventive and remedial actions.

- The corporate entities' relationship with one another, necessary to establish **joint employment, ostensible agency, and integrated enterprise liability** for entities that did not formally employ Plaintiffs or class members but nevertheless can (and should) be held liable for the hostile work environment, will be proven through common corporate documents and testimony.

6.      The few remaining individual issues, such as the work environment's subjective offensiveness to each class member and the emotional distress each suffered, can be individually tried thereafter in so-called *Teamsters* hearings, the procedure approved by the Supreme Court for trying class discrimination cases, and commonly used by courts certifying sexual harassment class actions such as this.

3

WHEREFORE, the Court should certify the Class and Title VII Subclass.

                                              Respectfully submitted,

                                              McKNIGHT, CANZANO, SMITH
                                              RADTKE & BRAULT, P.C.

                                 By:       */s/ Darcie R. Brault*
                                              Darcie R. Brault (P43864)
                                              Attorneys for Plaintiff
                                              423 N. Main Street, Suite 200
                                              Royal Oak, MI  48067
                                              (248) 354-9650
                                              dbrault@michworkerlaw.com

Dated: June 25, 2021

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 25, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

      Respectfully submitted,

      McKNIGHT, CANZANO, SMITH
      RADTKE & BRAULT, P.C.

By:    */s/ Darcie R. Brault*
      Darcie R. Brault (P43864)
      Attorneys for Plaintiff
      423 N. Main Street, Suite 200
      Royal Oak, MI  48067
      (248) 354-9650
      dbrault@michworkerlaw.com