UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JENNA RIES, KATLYN BARBER,                Case No: 1:20-cv-0002-HYJ-RSK
EMILY ANIBAL AND JOANNE BISHOP,           District Judge Hala Y. Jarbou
                                          Magistrate Judge Ray Kent
        Plaintiffs,

v.

McDONALD'S USA, LLC, McDONALD'S
CORPORATION, MLMLM CORP., and
MAAKS. INC.

        Defendants.
_____

**MOTION BY DEFENDANTS MLMLM CORPORATION
AND MAAKS, INC. FOR PARTIAL SUMMARY JUDGMENT**

Defendants MLMLM Corporation and MAAKS, Inc, pursuant to Federal

Rule of Civil Procedure 56, for their Motion for Partial Summary Judgment, state as

follows:

1.      This is a potential class action filed by four named Plaintiffs, Jenna

Ries, Katlyn Barber, Emily Anibal and Joanne Bishop.

2.      Plaintiffs Barber and Anibal are only pursuing a claim under

Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §37.2101, et seq.

("ELCRA").  Plaintiffs Ries and Bishop are also pursuing a claim under Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

3.      Their claims are based upon the conduct of Shawn Banks, a former low

level employee with MLMLM.  His employment ended immediately after Plaintiff

Ries reported him to a Supervisor on March 26, 2019.  Plaintiff Ries had not reported him earlier because Mr. Banks "was her ex".

4.      Under the ELCRA, Plaintiff Anibal must prove that MLMLM and MAAKS are liable under the respondeat superior doctrine.  But, Plaintiff Anibal admits that she never reported Mr. Banks for allegedly sexually harassing her. Several other MLMLM employees that worked for MLMLM at the same time as Plaintiff Anibal did also admit that they did not report Mr. Banks for any alleged sexual harassment.   Therefore, Plaintiff Anibal cannot prove that MLMLM or MAAKS knew or should have known that Mr. Banks was allegedly harassing her. Accordingly, this Court should grant summary judgment to MLMLM and MAAKS on the sole claim by Plaintiff Anibal.

5.      Plaintiff Ries claims that she was constructively discharged.  But, it is undisputed that she walked off the job in the middle of a shift and then quit to start working at a Kroger's with Plaintiff Barber.  This happened months after Mr. Banks ceased being employed by MLMLM.  Therefore, as a matter of law, Plaintiff Ries cannot prove that she was constructively discharged.

6.      Plaintiff Barber also claims that she was constructively discharged, but she admittedly quit because she did not like how the general manager was running the Mason restaurant, not because of anything that Mr. Banks did.  Therefore, this Court should find that Plaintiff Barber cannot prove her constructive discharge claim

as a matter of law.

7.    If this Court finds that Plaintiff Anibal can pursue a claim under the ELCRA, it should also find that she cannot prove that she was constructively discharged because of the totality of the circumstances of her leaving MLMLM.

8.    Plaintiffs lack Article III standing to pursue a claim for injunctive relief because they are no longer employed by MLMLM.  Moreover, any injunctive relief that they could pursue is moot because MAAKS has sold the Mason franchise and neither MLMLM nor MAAKS is involved with any other McDonald's franchise. Therefore, this Court should find that MLMLM and MAAKS are entitled to judgment as a matter of law on the claims for injunctive relief by Plaintiffs.

WHEREFORE Defendants MLMLM Corporation and MAAKS, Inc. request that this Honorable Court grant their Motion and:

A.    Enter Judgment in their favor on the ELCRA filed by Plaintiff Anibal;

B.    Enter Partial Judgment in their favor on the constructive discharge claims by Plaintiff Ries, Barber and Anibal;

C.    Enter Judgment in their favor on Plaintiffs' claim for injunctive relief; and

D.    Grant such other relief as this Court deems just or equitable.

Respectfully Submitted,

Lipson Neilson P.C.

By:   /s/ C. Thomas Ludden
      C. Thomas Ludden (P45481)
      Attorneys for Defendants
      MLMLM and MAAKS
      3910 Telegraph Road, Suite 200
      Bloomfield Hills, Michigan 48302
      (248) 593-5000
      tludden@lipsonneilson.com

Dated:  June 25, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I electronically filed a MOTION BY

DEFENDANTS MLMLM CORPORATION AND MAAKS, INC. FOR PARTIAL

SUMMARY JUDGMENT and this Certificate of Service with the Clerk of the Court

using the ECF System which will send notification of such filing to all attorneys of

record.

*/s/ Amy Zielinski*