UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE BISHOP, and EMILY ANIBAL, on behalf of themselves and all those similarly situated,

    Plaintiffs,

v.

McDONALD'S USA, LLC, McDONALD'S CORPORATION, MLMLM CORPORATION d/b/a McDONALD'S, and M.A.A.K.S., Inc. d/b/a McDONALD'S of Williamston,

    Defendants.

Case No. 20-cv-0002-HYJ-RSK

Hon. Hala Y. Jarbou

Mag. Judge Ray Kent

## PROPOSED ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal, and MLMLM Corporation and M.A.A.K.S., Inc., (collectively, the "Parties"), by and through their undersigned attorneys, hereby submit this proposed Order for Preliminary Approval of Class Action Settlement:

The Court having reviewed and considered Plaintiffs' Motion for Preliminary Approval and supporting materials, including the Parties' Settlement Agreement, filed by Class Counsel, and Settling Defendants' Statement of Non-Opposition;

The Court having held a hearing on the Motion for Preliminary Approval on _____ where the Parties presented oral argument for preliminary approval of Class Action Settlement, including a description of the details of their settlement, plan of allocation, and notice plan, and otherwise fully advising the Court as to the settlement efforts that led to the Parties' Settlement Agreement; and

1

The Court having fully considered the record and the requirements of law; and good cause appearing;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS AND ORDERS AS FOLLOWS:**

1. The Court has subject matter jurisdiction under 28 U.S.C. §1331, and venue is proper in this district.

2. The Court has personal jurisdiction over Plaintiffs, Settlement Class Members, and the Settling Defendants, MLMLM and M.A.A.K.S.

3. The Court previously found that Plaintiffs established the necessary prerequisites for class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. (ECF No. 285).

4. The Court previously certified the following class under Rule 23(b)(3):

All women who worked in a position below the level of Assistant Manager at Defendants' McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016 (the "Class").

(ECF No. 286).

5. The Court previously certified the following Title VII subclass under Rule 23(b)(3):

All members of the Class who worked during at least one shift with Shawn Banks since January 12, 2019.

(ECF No. 286).

6. The Court previously appointed attorneys Darcie R. Brault of McKnight, Canzano, Smith, Radtke & Brault, P.C, Eve H. Cervantez of Altshuler Berzon, LLP, and Gillian Thomas of the American Civil Liberties Union as Class Counsel for the Class. (ECF No. 286).

7. To the extent not otherwise defined herein, all defined terms in this Order shall have the meaning assigned in the Settlement Agreement.

8. The Parties have provided this Court with sufficient information to enable it to determine whether to provide notice to the class concerning the terms of the proposed settlement.

9. Based on the Parties' showing, it appears likely that the Court will be able to grant final approval to the proposed Settlement under Fed. R. Civ. P. 23(e)(2), based on the following:

10. It appears the Settlement was the result of the Parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's length negotiations. The Settlement is not the result of collusion.

11. The proceedings that occurred before the Parties reached the Settlement, including the Court's rulings on summary judgment and class certification, gave counsel the opportunity to assess this case's strengths and weaknesses and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

12. Based on Plaintiffs' motion and the Court otherwise being fully advised in the premises, the Court finds that the proposed slight modification of the Class definition to remove any perceived ambiguity, without changing the substance of the Class definition or the individuals encompassed within the Settlement Class, is reasonable.

13. Based on Plaintiffs' motion and the Court otherwise being fully advised in the premises, the Court finds that the proposed settlement appears to treat class members equitably relative to each other and to be a fair, reasonable, and adequate resolution of a bona fide dispute between Settling Defendants and Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal, and all other Settlement Class Members.

14. The Court has carefully reviewed the Settlement Agreement and finds that the Settlement appears fair, reasonable, and adequate and meets the standards for preliminary approval under Rule 23(e). Accordingly, the Court preliminarily approves all terms of the Settlement and all of its Exhibits.

15. The Court certifies the following Settlement Class:

All women who worked in a position below the level of Assistant Manager at the McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016 (the "Class").

16. Plaintiffs' motion for preliminary approval of class action settlement is GRANTED.

17. The Court approves the proposed notice plan and Notice finding it reasonably adequate and in conformity with the requirements of constitutional notice and Rule 23.

11. The Court orders that each potential Class Member who wishes to be excluded from the Settlement Class to opt-out per the instructions set forth in the Class Settlement Notice and no later than sixty (60) days after the mailing of the Class Settlement Notice;

12. Settling Defendants and Class Counsel shall provide the Settlement Administrator selected by the Parties with mailing addresses and other contact information specified in the Settlement Agreement, within 14 days from entry of this order. Notice shall be effectuated according to the Parties' proposed notice plan and no later than 28 days from entry of this order;

13. A fairness hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on _____, 2022 at _____; [at least 130 days from date of order, to allow time for notice, opt outs/objections, and filing of a reply brief commenting on objections]

14. The Court has reviewed and approves the following deadlines and briefing schedule, unless otherwise amended by the Court.

| | |
|---|---|
| Settling Defendants and Class Counsel to provide postal addresses and other information specified in Settlement Agreement to the Settlement Administrator | Within 14 days from entry of Preliminary Approval Order |
| Class Settlement Notice mailed | Within 28 days from entry of Preliminary Approval Order |
| Motion for Final Approval and Motion for Attorney's Fees and Expenses shall be filed | Within 60 days from entry of Preliminary Approval Order |
| Deadline for Objections, Objection Briefs, Claim Forms, and Opt Outs Forms | Within 60 days from Notice Mailing Date |
| Response Briefs to Objections, if any, and update on Notice mailing and Claim Forms, shall be filed | Within 120 days from entry of Preliminary Approval Order |
| Hearing on Motions for Final Approval and Attorneys' Fees and Expenses | TBD by Court [approximately 130 days from entry of Preliminary Approval Order] |

15. Any Class Member who has not properly and timely requested exclusion from the Settlement Class shall be bound in the event the Court issues a Final Order Approving Settlement;

16. The parties are ordered to carry out the Settlement and this Order according to the terms of the Settlement Agreement, or substantial similar agreement if approved at the final fairness hearing, using good faith and with reasonable judgment; and

17. The Court reserves the right to amend or alter this Order as necessary to remain consistent with the Parties' Settlement Agreement, the requirements of Rule 23, and due process.

Dated:_____  _____
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE