UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE BISHOP, and EMILY ANIBAL, on behalf of themselves and all those similarly situated,

    Plaintiffs,

v.

McDONALD'S USA, LLC, McDONALD'S CORPORATION, MLMLM CORPORATION d/b/a McDONALD'S, and M.A.A.K.S., Inc. d/b/a McDONALD'S of Williamston,
    Defendants.

Case No. 20-cv-0002-HYJ-RSK

Hon. Hala Y. Jarbou

Mag. Judge Ray Kent

## JOINT MOTION FOR PRELIMINARY APPROVAL OF ADDENDUM TO SETTLEMENT AGREEMENT

Plaintiffs, on behalf of themselves and the Class, and Defendants MLMLM Corporation and MAAKS, Inc. ("Settling Defendants") (together, "the Parties") hereby jointly move the Court for preliminary approval of an Addendum to the proposed class Settlement Agreement ("Addendum") that this Court preliminarily approved on April 5, 2022, and state as follows:

1.    A copy of the proposed Addendum is attached hereto as Exhibit A.

2.    The proposed Addendum is necessary to correct certain errors in the original Settlement Class list, and to protect the privacy interests of Settlement Class members.

3.    The Settlement Agreement ("Agreement") provided that the Settlement Class is defined as "All women who worked in a position below the level of Assistant Manager at the McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016."

4.    The Agreement further provided that "Settlement Class membership shall be

determined by reference to a chart showing shift overlap with Shawn Banks, derived from Settling Defendants' time punch data, and approved by Class Counsel and Settling Defendants' counsel, attached hereto as Exhibit 5 ("Shift Overlap Chart")."

5. After the Court preliminarily approved the Agreement, including Exhibit 5 thereto, the Parties discovered four women who may have worked overlapping shifts with Shawn Banks who were not included on Exhibit 5.

6. Also after the Court preliminarily approved the Agreement, including Exhibit 5 thereto, the Parties discovered some clerical errors in transcribing time punch data for calculating the shift overlaps set forth in Exhibit 5.

7. The parties also discovered that there are five Settlement Class members for whom Settling Defendants' time punch records are incomplete, and for some days, provide information only about which days the Settlement Class members worked, but not the precise times that they worked, thus making it impossible to determine with certainty their precise shift overlap with Shawn Banks.

8. In order to correct these issues, the Parties agreed to the Addendum to the Settlement, including Exhibit 7 thereto, which constitutes an Amended Shift Overlap Chart by which to determine class membership, and to determine the number of shifts that each Settlement Class member worked with Shawn Banks, for purposes of calculating points under the Plan of Allocation set forth in the Agreement.

9. Under the Addendum, Exhibit 5 is to be disregarded, and Exhibit 7 will be substituted in its place. Exhibit 7 changes Exhibit 5 in the following ways:

    a. Four women who worked overlapping shifts with Shawn Banks and were inadvertently not included on Exhibit 5 are added to Exhibit 7.

    b. Clerical errors regarding the number of overlapping shifts some Settlement

Class members worked with Shawn Banks are corrected.

  c. For those Settlement Class members whose time punch records were incomplete, the number of shifts overlapped with Shawn Banks for purposes of the Plan of Allocation have been approximated by determining how many shifts they worked with Shawn Banks on days for which time punch records are complete, and calculating the same proportional number of shifts worked with Shawn Banks on days when both they and Shawn Banks worked the same days, but the time punch records are missing so shift overlap cannot be determined with precision.

  d. For that one Settlement Class member for whom Settling Defendants have no time punch data, but who worked on nine days that Shawn Banks also worked, the Parties have approximated her shift overlap with Shawn Banks for purposes of the Plan of Allocation as nine shifts.

10. The Agreement provides that the Agreement shall be posted on the publicly available website for this class action lawsuit, but upon further consideration, the Parties now believe that Exhibit 5 thereto, which identifies by first and last name each Settlement Class member, should not be publicly posted in its entirety, in order to the protect the privacy interests of Settlement Class members.

11. The Addendum provides that Exhibit 7, the Amended Shift Overlap Chart, should be posted in redacted form on the publicly available website.  Specifically, last names will be deleted, and only first names and the first initial of last names will be included. Exhibit 5, which has been superseded by Exhibit 7, will not be posted.

12. The Parties have negotiated these slight modifications to the Agreement in good faith based on corrected time punch records, and believe that they are fair, adequate, and reasonable to Settlement Class members.

13. Accordingly, the Parties hereby jointly request that the Court preliminarily approve the Addendum to the Settlement Agreement.

Respectfully Submitted,

<div style="display: flex;">

/s/*Eve H. Cervantez*
Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
ecervantez@altshulerberzon.com
evissers@altshulerberzon.com

Darcie R. Brault (P43864)
MCKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

Gillian Thomas
AMERICAN CIVIL LIBERTIES UNION
WOMEN'S RIGHTS PROJECT
125 Broad Street
New York, NY 10004
(212) 284-7356
gthomas@aclu.org

*Attorneys for Plaintiffs and the Class*

</div>

/s/*Thomas Ludden*
C. Thomas Ludden (P45481)
Jessica Wynn (P75442)
LIPSON NEILSON P.C.
3910 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 593-5000
tludden@lipsonneilson.com
jwynn@lipsonneilson.com

Angela L. Jackson (P53930)
HOOPER HATHAWAY, P.C.
126 S. Main St.
Ann Arbor, MI 48104
(734) 662-4426
ajackson@hooperhathaway.com

*Attorneys for Defendant MLMLM Corp.*