UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE
BISHOP, and EMILY ANIBAL, on behalf of
themselves and all those similarly situated,

      Plaintiffs,

                              Case No. 20-cv-0002-HYJ-RSK

v.

                              Hon. Hala Y. Jarbou

McDONALD'S USA, LLC, McDONALD'S       Mag. Judge Ray Kent
CORPORATION, MLMLM CORPORATION
d/b/a McDONALD'S, and M.A.A.K.S., Inc.   Hearing: Aug. 16, 2022; 10 a.m.
d/b/a McDONALD'S of Williamston,
      Defendants.

---

**PLAINTIFFS' UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

For the reasons stated in the accompanying brief and supporting declarations, Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal, on behalf of themselves and the Settlement Class Members ("Class Members" or "Class"), respectfully move for final approval of the proposed Class Action Settlement ("Settlement" or "Settlement Agreement") with Defendants MLMLM Corporation and M.A.A.K.S., Inc. ("Settling Defendants" or "Franchise Defendants"), pursuant to Fed. R. Civ. P. 23(e).

Respectfully submitted,

By: /s/ Darcie R. Brault
Darcie R. Brault (P43864)
MCKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

Gillian Thomas
AMERICAN CIVIL LIBERTIES UNION
WOMEN'S RIGHTS PROJECT
125 Broad Street
New York, NY 10004
(212) 284-7356
gthomas@aclu.org

*Class Counsel*

Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
ecervantez@altshulerberzon.com

Dated: June 6, 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE
BISHOP, and EMILY ANIBAL, on behalf of
themselves and all those similarly situated,

      Plaintiffs,

                         Case No. 20-cv-0002-HYJ-RSK

v.

                         Hon. Hala Y. Jarbou

McDONALD'S USA, LLC, McDONALD'S      Mag. Judge Ray Kent
CORPORATION, MLMLM CORPORATION
d/b/a McDONALD'S, and M.A.A.K.S., Inc.     Hearing: Aug. 16, 2022; 10 a.m.
d/b/a McDONALD'S of Williamston,
      Defendants.

_____

**PLAINTIFFS' BRIEF IN SUPPORT OF UNOPPOSED MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

## TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ...................................................................................................1

      A.  Preliminary Approval.................................................................................2

      B.  Class Notice ..............................................................................................2

III.  ARGUMENT .........................................................................................................4

      A.  The Settlement is Fair, Reasonable, and Adequate.............................................4

          1.  The Likelihood of Success on the Merits Supports Final Approval
              When Weighed Against the Relief Provided by the Settlement............5

          2.  The Complexity, Expense, and Likely Duration of Litigation Favor
              Final Approval. ....................................................................................6

          3.  The Judgment of Experienced Class Counsel Supports Final
              Approval ...............................................................................................7

          4.  The Overall Reaction of Class Members Weighs in Favor of Final
              Approval. ..............................................................................................9

          5.  The Settlement is Consistent with the Public Interest ..........................9

          6.  The Settlement is the Result of Prolonged Arm's-Length
              Negotiations ......................................................................................10

          7.  The Settlement Treats Class Members Equitably...............................11

      B.  Notice of the Settlement Satisfies Rule 23(e) and Due Process ......................12

IV.   CONCLUSION......................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Date v. Sony Elecs., Inc*., No. 07-cv-15474,
  2013 WL 3945981 (E.D. Mich. July 31, 2013) ................................................... 8

*Hainey v. Parrott*,
  617 F. Supp. 2d 668 (S.D. Ohio 2007) ........................................................... 11

*In re Auto. Refinishing Paint Antitrust Litig*.,
  617 F. Supp. 2d. 336 (E.D. Pa. 2007) .............................................................. 8

*In re Cardizem CD Antitrust Litig.*,
  218 F.R.D. 508 (E.D. Mich. 2003) ............................................................. 6, 9

*In re Chambers Dev. Sec. Litig*.,
  912 F. Supp. 822 (W.D. Pa. 1995) ................................................................ 6

*In re Deepwater Horizon*,
  739 F.3d 790 (5th Cir. 2014) ...................................................................... 11

*In re Delphi Corp. Sec., Derivative & "ERISA" Litig*.,
  248 F.R.D. 483 (E.D. Mich. 2008) ................................................................ 7

*In re Flint Water Cases*,
  499 F. Supp. 3d 399 (E.D. Mich. 2021) ........................................................ 11

*In re Packaged Ice Antitrust Litig*.,
  No. 08-md-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) ...................... 4, 7, 8, 10

*In re Oil Spill*,
  910 F. Supp. 2d 891 (E.D. La. 2012),. ............................................................ 11

*In re Se. Milk Antitrust Litig*., No. 2:07-CV-208,
  2013 WL 2155379 (E.D. Tenn. May 17, 2013) ................................................. 8

*In re Telectronics Pacing Sys., Inc.*,
  137 F. Supp. 2d 985 (S.D. Ohio 2001) ............................................................ 5

*In re: Whirlpool Corp. Front-loading Washer Prods. Liab. Litig.*, No.1:08
  WP-65000,
  2016 WL 5338012 (N.D. Ohio Sept. 23, 2016) .............................................. 14

*Dick v. Sprint Commc'ns Co. L.P.*,
  297 F.R.D. 283 (W.D. Ky. 2014) ................................................................... 8

*Garner Props. & Mgmt., LLC v. City of Inkster*,
  333 F.R.D. 614 (E.D. Mich. 2020) ............................................................... 11

*Garner Props. & Mgmt., LLC v. City of Inkster*, No. 17-CV-13960,
    2020 WL 4726938 (E.D. Mich. Aug. 14, 2020) ............................................................. 10

*Granada Invs. Inc. v. DWG Corp.*,
    962 F.2d 1203 (6th Cir. 1992) ......................................................................................... 5

*Kis v. Covelli Enters., Inc.*, No. 4:18-cv-434,
    2020 WL 2812405 (N.D. Ohio May 29, 2020) ................................................................. 11

*Sheick v. Auto. Component Carrier LLC*,
    No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ............................. 5, 7

*UAW v. Gen. Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007) ......................................................................................... 12

**Rules**

Fed. R. Civ. P. 23(b)(3) .................................................................................................... 12

Fed. R. Civ. P. 23(c)(2)(B) ......................................................................................... 12, 13

Fed. R. Civ. P. 23(c)(3) ..................................................................................................... 13

Fed. R. Civ. P. 23(e) ........................................................................................... 2, 4, 5, 12

Fed. R. Civ. P. 23(e)(1) ...................................................................................................... 14

Fed. R. Civ. P. 23(e)(1)(B) .................................................................................................. 12

Fed. R. Civ. P. 23(e)(2)(A)-(D) ........................................................................................... 4

## I.    INTRODUCTION

Plaintiffs and Settling Defendants (collectively, the "Parties") have reached a proposed $1.5 million Settlement resolving all allegations that Defendants violated the ELCRA and Title VII by allegedly tolerating a sexually hostile work environment at the McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan (the "Mason McDonald's").

The Parties vigorously litigated this matter, including extensive discovery practice and briefing on summary judgment and class certification. After this Court certified a class, and following arm's-length negotiations, they reached this Settlement. It will provide substantial relief. Under the Settlement, Class Members are entitled to awards averaging approximately $10,000 each, with the actual amount allocated to each individual determined proportionally by the number of shifts she worked with alleged harasser Shawn Banks ("Banks") and the sexual harassment she experienced. The benefits to the Class Members are eminently fair, reasonable, and adequate, especially when weighed against the risks of continued litigation.

The Court found at the preliminary approval stage that the Settlement likely met the requirements for final approval of a settlement. Now that notice has been provided and Class Members have had an opportunity to be heard, the Court should enter final approval.

## II.    BACKGROUND

On April 4, 2022, Plaintiffs filed their Unopposed Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Mot.").[1] Plaintiffs incorporate by reference the Background set forth in their Preliminary Approval Motion, which provides an overview of the litigation, discussion of the settlement negotiation process, and a detailed explanation

---

[1] Prelim. Approval Mot. (ECF 297, PageID.6474).

1

of the proposed settlement.[2] As set forth there, the Settlement reached between Plaintiffs and the Settling Defendants resolves all of Plaintiffs' pending claims against Settling Defendants.

### A.    Preliminary Approval

On April 5, 2022, the Court issued an order granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Prelim. Approval Order").[3]

The Court found that the Settlement "appears fair, reasonable, and adequate and meets the standards for preliminary approval under Rule 23(e)[,]" and ordered a fairness hearing to be held on August 16, 2022.[4] The Court also approved Plaintiffs' proposed notice plan, directed notice to be mailed no later than May 3, 2022, and set July 2, 2022, as the deadline for Class Members to either request exclusion from the Settlement or file a Claim Form, as well as the deadline for the filing of objections.[5]

### B.    Class Notice

Following the entry of the Court's Preliminary Approval Order, the Settlement Administrator, Settlement Services, Inc. ("SSI"), implemented the notice plan approved by the Court. Settling Defendants provided SSI with a spreadsheet, derived from Defendants' employment records (the "Class List") with one hundred and one hundred and one (101) names, addresses, and Social Security Numbers (SSN). Class Counsel also provided SSI with a spreadsheet with confirmed updated contact information for thirty-one (31) Class Members, with names, phone numbers, email addresses, and mailing addresses, and a second spreadsheet with unconfirmed updated contact information for two (2) Class Members, with names, phone numbers and email addresses.[6] In order to obtain the most current mailing

---

[2] *Id.* at PageID.6480-6484.
[3] Prelim. Approval Order (ECF 300, PageID.6573).
[4] *Id.* at PageID.6576.
[5] *Id.*
[6] Exhibit 1, Declaration of Robert Hyte ("Hyte Decl.") ¶ 3.

address for Class Members, SSI processed the Class List addresses through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.[7] As of this date, twenty-six (26) original Notice Packets have been returned to SSI by the Post Office as undeliverable without forwarding address information. SSI conducted a locator trace for each individual with a returned Notice Packet, and possible new addresses were obtained for twenty-three (23) of them. SSI re-mailed Notices to these possible new addresses. Six of the remailed notices were subsequently returned undeliverable.[8] SSI also emailed Notice to the Class Members for whom a valid email address was available.[9] On June 2, 2022, SSI mailed Reminder Postcards to seventy-six (76) Class Members who had not yet submitted a Claim Form.[10] To be as thorough as possible, SSI traced all seventy-six (76) Class Members in an effort to find an updated address using Class Member's SSNs and searching LexisNexis' public record database. SSI identified forty-seven (47) Class Members with a more current address and mailed additional postcards to the newly identified addresses.[11] In addition to mailing and e-mailing notice to Class Members, the Settlement Administrator maintains a public website, https://www.mcdonaldsmasonsettlement.com/, that includes copies of pleadings and other relevant information.[12]

---

[7] *Id.* at ¶ 4.
[8] *Id.* at ¶ 6.
[9] *Id.* at ¶ 5.
[10] *Id.* at ¶ 12.
[11] *Id.*
[12] *Id.* at ¶ 8.

As of June 2, 2022, twenty-five (25) claim forms have been submitted.[13] No class member has opted out or filed objections.[14] The deadline for so doing is July 2, 2022.

## III.    ARGUMENT

### A.    The Settlement is Fair, Reasonable, and Adequate.

The Settlement meets the criteria for final approval under Federal Rule of Civil Procedure 23. It provides meaningful benefits to Class Members and was reached after extended arm's-length negotiations between experienced counsel, who had sufficient information about the merits of, and defenses to, the claims asserted in this litigation. The Settlement reflects a reasonable compromise considering the procedural, liability, and damages-related questions facing Class Members with respect to their claims against the Settling Defendants.

Pursuant to Rule 23(e), the Court may approve a proposal that would bind class members if "the class representatives and class counsel have adequately represented the class," "the proposal was negotiated at arm's length," "the relief provided for the class is adequate," and "the proposal treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(A)-(D). Courts in the Sixth Circuit consider the following factors when determining whether to grant final approval of a class action settlement: "(1) the likelihood of success on the merits weighed against the amount and form of relief in the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest." *In re Packaged Ice Antitrust Litig.*, No. 08-md-01952, 2011 WL 717519, at *8 (E.D. Mich. Feb.

---

[13] *Id.* at ¶ 11.
[14] *Id.* at ¶¶ 9-10.

22, 2011) (quoting *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). The Court has wide discretion in assessing the weight and applicability of these factors. *Granada Invs. Inc. v. DWG Corp.*, 962 F.2d 1203, 1205–06 (6th Cir. 1992).

The proposed Agreement meets each of Rule 23(e)'s conditions, and consideration of each of the factors set forth by the Sixth Circuit supports final approval of the Settlement.

        **1.**      **The Likelihood of Success on the Merits Supports Final Approval When Weighed Against the Relief Provided by the Settlement.**

When considering the likelihood of class plaintiffs' success on the merits of the litigation, the ultimate question is whether the interests of the class are better served if the litigation is resolved by settlement rather than pursued to trial and judgment. *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *15 (E.D. Mich. Oct. 18, 2010). Courts assess class action settlements "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick*, 2010 WL 4136958, at *15 (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)). Settlement is advantageous because it "avoids the costs, delays, and multitude of other problems" associated with continuing litigation. *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001) (quotation omitted).

While Plaintiffs are confident in their claims against Settling Defendants, they are not without significant risks and inevitable future expenses. The Settling Defendants' experienced and capable counsel have vigorously defended their clients thus far and Settling Defendants have shown every indication that they would continue to deny the allegations against them, contest liability, and appeal unfavorable results.

And, inevitably, "the prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003). Given these factors, "[a] very large bird in the hand in this litigation is surely worth more than whatever birds are lurking in the bushes." *In re Chambers Dev. Sec. Litig.*, 912 F. Supp. 822, 838 (W.D. Pa. 1995).

Against this backdrop, and as the Court has stated, the Settlement "appears to treat class members equitably relative to each other and to be a fair, reasonable, and adequate resolution of a bona fide dispute between Settling Defendants and Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal, and all other Settlement Class Members."[15] This is an excellent Settlement. It provides Class Members with $1.5 million from Settling Defendants. And, in contrast to the requirements for a class to recover in litigation as articulated by the Court, putative class members who submit claims under the Settlement will not be required "to prove that *every shift Banks worked*, even if he only worked one shift with a class member, created a hostile work environment for the female employees around him."[16] Under the Settlement, Class Member are not required to prove legal liability or causation, but rather need only fill out and sign a simple Claim Form containing nine questions to ensure appropriate distribution of funds. This substantial relief, weighed against the risks presented by litigation, supports final approval of the Settlement.

### 2. The Complexity, Expense, and Likely Duration of Litigation Favor Final Approval.

"The law favors settlement, particularly in class actions and other complex cases where substantial resources can be conserved by avoiding lengthy trials and appeals." William B. Rubenstein, NEWBERG ON CLASS ACTIONS § 13:44 (5th ed. 2014).

---

[15] Prelim. Approval Order (ECF 300, PageID.6575).
[16] Class Certification Op. (ECF 285, PageID.6450)(emphasis in original).

The Court should assess adequacy of relief to the class "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'" *Sheick,* 2010 WL 4136958, at *15 (quoting *IUE-CWA,* 238 F.R.D. at 594).

Risks must be weighed against the settlement consideration: The certainty of a cash settlement of $1.5 million, with distribution expected in 2022. The proposed Settlement is an excellent result when weighed against the time and costs of continued litigation.

Class Counsel filed the complaint in this action in 2019, and, three years later, much remains to be done before a litigation class can proceed at trial. This action presents complicated legal and factual issues. And even if the Class were to prevail at a class liability trial, each Class Member would still need to individually appear to testify about her damages. If the litigation against Settling Defendants were to proceed, appeals would undoubtedly follow. Meanwhile, Settling Defendants, who are no longer in business, might expend their limited insurance policy on costs of defense, and become judgment-proof. The Settlement provides a set measure of relief to Class Members *now*, rather than some unknown amount of possible—but by no means certain—relief at some unknown date well in the future. This too weighs in favor of final approval of the Settlement.

### 3. The Judgement of Experienced Class Counsel Supports Final Approval.

In considering whether to grant final approval, the Court also should "consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498 (E.D. Mich. 2008). Counsel's judgment "that settlement is in the best interests of the class is entitled to significant weight, and supports the fairness of the class settlement." *In re Packaged Ice*, 2011 WL 717519, at *11 (quotation omitted). In a complex class action

litigation such as this, the "Court should defer to the judgment of experienced counsel who has competently evaluated the strength of [their] proofs." *Date v. Sony Elecs., Inc.*, No. 07-cv-15474, 2013 WL 3945981, at *9 (E.D. Mich. July 31, 2013) (quotation omitted); *see also Dick v. Sprint Commc'ns Co. L.P.*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arm's-length settlement negotiations, is appropriate." (quotation omitted)); *accord In re Se. Milk Antitrust Litig.*, No. 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May 17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d. 336, 341 (E.D. Pa. 2007).

Here, Class Counsel have deemed the proposed settlement to be in the best interests of the Class. Class Counsel have represented class members for three years and have spent thousands of hours speaking with class members, investigating the facts, researching the law, reviewing documents, briefing motions, attending hearings, taking and defending depositions, and negotiating settlement with Defendants. Each of Class Counsel has extensive experience litigating class action and employment cases.[17] Class Counsel believe the Settlement to be in the best interests of the Class Members they have committed to represent in light of the risks and time of continued litigation.

In determining whether the judgment of counsel supports final approval of the settlements, the Court should consider the amount of discovery completed in the action and thus the information available to counsel. *In re Packaged Ice*, 2011 WL 717519, at *8, 11. Here, fact discovery was closed, other than that related to individual class member damages. The parties have produced and reviewed thousands of pages of documents, have served and responded to scores of written discovery requests, and conducted twenty-two depositions.[18]

---

[17] *See id.* at 6456.
[18] Exhibit 2, Joint Declaration of Darcie R. Brault, Eve H. Cervantez, and Gillian Thomas ("Joint Declaration") ¶¶ 12-15.

Counsel also had the benefit of this Court's rulings on McDonald's Corporate Defendants' and Franchise Defendants' motions for summary judgment, and class certification. Class Counsel consequently had ample information with respect to the claims against the Settling Defendants when assessing whether the relief set forth in the Settlement is in the best interest of the Class Members they represent and have concluded that it is. This too supports final approval of the Settlement.

### 4.    The Overall Reaction of Class Members Weighs in Favor of Final Approval.

The Class consists of approximately 101 women below the level of Assistant Manager who worked at least one shift with Banks since November 12, 2016.[19]  The reaction of the Class has been overwhelmingly positive. As of June 2, 2022, twenty-five Class Members have filed Claim Forms.[20] Zero Class Members have opted out of the Class. Zero Class Members have objected to the Settlement.[21]

The deadline to file a Claim Form or opt out is July 2, 2022.  After obtaining updated addresses, the Settlement Administrator has a sent a reminder postcard to the 76 Class Members who have neither filed a Claim Form nor excluded themselves.  Plaintiffs will provide the Court with updated numbers, and address any objections that are subsequently filed, in their reply brief due August 3, 2022.

### 5.    The Settlement is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (*quoting Granada*, 962

---

[19] Class Certification Mot. (ECF 175, PageID.3655).
[20] Hyte Decl. ¶ 11.
[21] *Id.* at ¶¶ 9-10.

F. 2d at 1205). Moreover, the public interest is best served in this case by providing relief to Class Members as expeditiously as possible. *Garner Props. & Mgmt., LLC v. City of Inkster*, No. 17-CV-13960, 2020 WL 4726938, at \*10 (E.D. Mich. Aug. 14, 2020) (concluding settlement was in the public interest where "allowing settlement in this matter will promote the fair and expeditious resolution of the matter"). Consideration of the public interest weighs in favor of final approval.

### 6.    The Settlement is the Result of Prolonged Arm's-Length Negotiations.

Courts presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion unless there is contrary evidence. *In re Packaged Ice*, 2011 WL 717519, at \*12. Such evidence does not exist here.

Here, the Court previously found that Class Counsel and Class Representatives are adequate to represent the Class.[22] They are also adequate to negotiate a class settlement. Class Counsel are experienced class action and sexual harassment litigators who are well versed in the underlying facts and claims of this case and worked diligently to negotiate a good settlement. The settlement negotiations were at all times conducted at arm's-length, and were ongoing, taking place throughout discovery and motion practice. Resolution was reached only after fact and expert discovery was complete and after the Court had ruled on summary judgment and class certification.

Furthermore, the parties participated in facilitative mediation with Mediator Jon March, who, after an unsuccessful formal mediation session, continued, on an *ad hoc* basis, to facilitate the parties' discussions about potentially resolving the case. The "participation of an independent mediator in the settlement negotiations virtually insures that the negotiations

---

[22] Class Certification Op., ECF 285, PageID.6455-6556.

10

were conducted at arm's-length and without collusion between the parties[,]" and thus "weighs in favor of approving the settlement." *Hainey v. Parrott*, 617 F. Supp. 2d 668, 673 (S.D. Ohio 2007); *see also Garner Props. & Mgmt., LLC v. City of Inkster*, 333 F.R.D. 614, 627 (E.D. Mich. 2020) ("The negotiations of the Settlement…were conducted at arms-length by adversarial parties and experienced counsel, with facilitative assistance from Judge Roberts."). This factor too supports final approval and the settlement.

### 7.    The Settlement Treats Class Members Equitably.

The settlement distribution process set forth in the Settlement's Plan of Allocation treats Class Members equitably because the "distribution process requires that similarly situated claimants receive the same monetary award…In this way, the settlement assures 'horizontal equity' among claimants." *In re Flint Water Cases*, 499 F. Supp. 3d 399, 412 (E.D. Mich. 2021). It does so by providing a detailed framework that assigns points to Class Members based on the degree of their exposure to Banks as evidenced by their time punch records, and the nature of the harassment they suffered, as evidenced by their responses to nine simple questions on the Claim Form. In this manner the Settlement's method of apportionment treats similarly situated Class Members similarly, while also taking "appropriate account of difference" among categories of claims by considering the extent of each claimant's injury. *Kis v. Covelli Enters., Inc.*, No. 4:18-cv-434, 2020 WL 2812405, at *5 (N.D. Ohio May 29, 2020) (quoting Fed. R. Civ. P. 23(e)(2)(D), Advisory Committee Note 2018 Amendments); *See In re Oil Spill,* 910 F. Supp. 2d 891, 957 (E.D. La. 2012), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014) ("[T]here is nothing improper in the parties' negotiation of claims frameworks that compensate class members in light of the strength of their *claims*.").

11

Plaintiffs alleged that the entire restaurant constituted a hostile work environment during shifts when Banks was present. Accordingly, the Settlement allocates funds to any woman who worked shifts with Banks, with the amount increasing based on the number of overlapping shifts, as determined through Franchise Defendants' time punch records. Class members are awarded additional funds if they state under penalty of perjury that Banks touched them inappropriately, that they had sexual relations with Banks because he coerced them to do so, or if they were forced to quit as a result of Banks' harassment (constructive discharge) or terminated because they reported the harassment.

The Plan of Allocation provides that Class members will receive awards based on the extent of the harassment they experienced at the Mason McDonald's. By considering the extent of injury, the Settlement apportions relief in an equitable manner among Class Members.

### B.    Notice of the Settlement Satisfies Rule 23(e) and Due Process.

Under Rule 23, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the [proposed settlement]." Fed. R. Civ. P. 23(e)(1)(B). In Rule 23(b)(3) actions, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

Rule 23(e) notice must contain a summary of the litigation sufficient "to apprise interested parties of the pendency of the [settlement proposed] and afford them an opportunity to present their objections." *UAW v. Gen. Motors Corp.*, 497 F.3d at 629 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). In addition, the "notice must clearly and concisely state in plain, easily understood language:" (1) the nature of the action; (2) the class definition; (3) the class claims, issues, or defenses; (4) that a

class member may enter an appearance through counsel; (5) that the court will exclude from the class any member who validly requests exclusion; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on class members under Rule 23(c)(3). Fed. R. Civ. P. 23(c)(2)(B).

The Class Notice clearly and concisely summarizes the Settlement, the available benefits, the actions that Class Members must take to participate in the Settlement, and the relevant deadline for filing a Claim Form. It lays out the Class definition and explains that Class Members may request exclusion from the Settlement, or may enter an appearance through counsel, and deadlines therefore. Likewise, the Notice describes Class Members' right to object to the Settlement. The Notice also directs recipients to a website which contains additional information, including pleadings.

In its Preliminary Approval Order, the Court found that the proposed notice plan and notice were "reasonably adequate and in conformity with the requirements of constitutional notice and Rule 23." [23] That plan has now been carried out. Specifically, the Settlement Administrator mailed the Class notice to each Class Member at their last known mailing address, as evidenced by Settling Defendants' employment records and any more recent contact information possessed by Class Counsel. To obtain the most current mailing address for Class Members, the Settlement Administrator processed Class Members' addresses through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS. For any notice the USPS returned as undeliverable without forwarding address information the Settlement Administrator conducted a locator trace and resent notices for each individual

---

[23] ECF 300, PageID.6576.

with a returned notice. On June 2, 2022, the Settlement Administrator mailed Reminder Postcards to all Class Members who had not yet submitted a Claim Form, after first updating addresses once again with a locator trace using SSNs. Additionally, the Settlement Administrator e-mailed notices to Class Members whose e-mail addresses were available through Class Counsel. Additionally, on May 3, 2022, the Settlement Administrator established an informational website, at https://www.mcdonaldsmasonsettlement.com/, that provides detailed information about the litigation and settlement, including the Settlement, Class Notice, a number of pleadings including the Third Amended Complaint, and frequently asked questions.

Finally, "because this case has received widespread attention from the media, the official settlement notice was supplemented informally by numerous news reports." *In re: Whirlpool Corp. Front-loading Washer Prods. Liab. Litig.*, No.1:08-WP-65000, 2016 WL 5338012, at *9 (N.D. Ohio Sept. 23, 2016). This included coverage by major news outlets such as ABC, Fox Business, Reuters, and *Newsweek*, and local media coverage by outlets such as MLive, *Lansing State Journal*, WILX (NBC), WLNS (CBS), and Fox 47 News. The Notice form and the plan for its dissemination that was approved by the Court, and which has now been successfully implemented, satisfy the requirements of Rule 23(e)(1) and Due Process.

The Notice and notice plan are calculated to inform as many potential Class Members as possible of their rights under the Settlement.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court finally approve the class action settlement. Plaintiffs respectfully request that the Court enter the Proposed

14

Order Granting Plaintiffs' Unopposed Motion For Final Approval as agreed upon in the Settlement, attached hereto as Exhibit 3.[24]

Respectfully submitted,

By: /s/ *Darcie R. Brault*
Darcie R. Brault (P43864)
MCKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

Gillian Thomas
AMERICAN CIVIL LIBERTIES UNION
WOMEN'S RIGHTS PROJECT
125 Broad Street
New York, NY 10004
(212) 284-7356
gthomas@aclu.org

*Class Counsel*

Eve H. Cervantez
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151
ecervantez@altshulerberzon.com

Dated: June 6, 2022

---

[24] *See also* Prelim. Approval Mot., Ex. A (ECF 297-1, PageID.6548-6553).

## <u>CERTIFICATE OF COMPLIANCE WITH W.D. MICH. LCivR 7.1(b) and 7.3(b)(1)</u>

I certify that Plaintiffs' Brief in Support of Unopposed Motion For Final Approval Of

Class Action Settlement contains 4,060 words in compliance with LCivR 7.3(b)(1) as prepared

using Microsoft Word 12 pt. Times New Roman type. I further certify that the exhibits filed

electronically and referenced herein do not exceed 200 pages per LCivR 7.1(b).

Respectfully Submitted,

McKNIGHT, CANZANO, SMITH,
RADTKE & BRAULT, P.C.

By:  */s/Darcie R. Brault*
Darcie R. Brault (P43864)
Attorneys for Plaintiff
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

Respectfully Submitted,

McKNIGHT, CANZANO, SMITH, RADTKE & BRAULT, P.C.

By: */s/Darcie R. Brault*
Darcie R. Brault (P43864)
Attorneys for Plaintiff
423 N. Main Street, Suite 200
Royal Oak, MI 48067
(248) 354-9650
dbrault@michworkerlaw.com