UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNA RIES, KATLYN BARBER, JOANNE
BISHOP, and EMILY ANIBAL, on behalf of
themselves and all those similarly situated,

       Plaintiffs,

                                   Case No. 1:20-cv-2-HYJ-RSK

v.
                                   Hon. Hala Y. Jarbou

McDONALD'S USA, LLC, McDONALD'S       Mag. Judge Ray Kent
CORPORATION, MLMLM CORPORATION
d/b/a McDONALD'S, and M.A.A.K.S., Inc.
d/b/a McDONALD'S of Williamston,
       Defendants.

---

**ORDER GRANTING PLAINTIFFS'**
**UNOPPOSED MOTION FOR FINAL APPROVAL**

This matter having come before the Court for consideration of Plaintiffs' application for

Final Approval of Class Action Settlement, in accordance with the Parties' Settlement

Agreement:

Plaintiffs Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal ("Plaintiffs") and

MLMLM Corporation and M.A.A.K.S., Inc., ("Settling Defendants") reached a Class settlement

(the "Settlement");

Plaintiffs submitted the Settlement Agreement together with Plaintiffs' Unopposed

Motion for Preliminary Approval of the proposed settlement to the Court;

The Court gave its preliminary approval of the Settlement on April 5, 2022 (the

"Preliminary Approval Order") and directed the Parties to provide notice to the Class of the

proposed Settlement and the Final Approval Hearing by regular mail to all Settlement Class

members and by email to the extent email addresses were available;

The Parties effectuated notice to the Settlement Class in accordance with the Preliminary

Approval Order;

Plaintiffs submitted their Motion for Final Approval of Class Settlement, Award of

Attorneys' Fees and Expenses, and Approval of Incentive Awards on June 6, 2022; and

On August 16, 2022, the Court conducted the Final Approval Hearing to determine

whether the proposed Settlement is fair, reasonable, and adequate, whether the Settlement

should be granted final approved by this Court, whether Class Counsel's request for

attorneys' fees in the amount of $375,000 and reimbursement of expenses in the amount of

$70,000 should be awarded; and whether the request for an incentive award to each of the

Named Plaintiffs in the amount of $10,000 should be approved; and

After reviewing the pleadings and evidence filed in support of final approval of the

Settlement as well as Plaintiffs' requested award for attorney's fees, reimbursement of

expenses and Incentive Awards and supporting documentation, and hearing the attorneys for

the Parties;

**It is on this <u>16th</u> day of <u>August</u>, 2022, ORDERED and ADJUDGED that the Court**

**finds and orders as follow:**

1.       All terms herein shall have the same meaning as defined in the Settlement

Agreement.

2.       The Court has jurisdiction over the subject matter of this litigation and over the

Parties to this matter including all Settlement Class Members.

3.       The Court confirms its previously preliminary findings in the Preliminary

Approval Order. (ECF No. 300).

4.       Notice to the Settlement Class required by Rule 23(e) has been provided in

accordance with the Court's Preliminary Approval Order, by mailing such Notice by first-

2

class mail, and by emailing such Notice where emails were available. The Settlement Claims

(Settlement Services, Inc.), also placed the Notice on its website,

mcdonaldsmasonsettlement.com. Thus, notice has been given in an adequate and sufficient

manner, constitutes the best notice practicable under the circumstances, and satisfies all

requirements of Rule 23(e) and due process.

   5.  The Settlement was a result of arm's-length negotiation by experienced

counsel with an understanding of the strengths and weaknesses of their respective cases,

guided by this Court's rulings on summary judgment and class certification. Among the

factors that they considered are those set forth in the Plaintiffs' Motions for Preliminary and

Final Approval of the Class Action Settlement. The Parties have agreed to the Settlement

without any admission of wrongdoing by Settling Defendants, which has been denied, and to

avoid further expense, uncertainty, inconvenience, and interference with their ongoing

business. As part of this litigation, Class Counsel has conducted a detailed investigation of the

facts and analyzed the relevant legal issues. Although the Class Representatives and Class

Counsel believe that the claims asserted in the Third Amended Complaint have merit, they

also have examined the benefits to be obtained under the Settlement now compared to the

costs, risks, and delays associated with the continued litigation of these claims.

   6.  The Settlement is fair, reasonable and adequate, treats Class members

equitably relative to each other, and serves the best interests of the Settlement Class, in light

of all the relevant factors including the benefits afforded to the Settlement Class, the

complexity, expense, uncertainty and duration of litigation, and the risks involved in

establishing liability, damages, and in maintaining the class action through trial and appeal.

7.      The Parties and Settlement Class Members have submitted to the exclusive

jurisdiction of this Court for any suit, action, proceeding or dispute arising out of this

Settlement.

8.      The Court previously certified the following class under Rule 23(b)(3):

> All women who worked in a position below the level of Assistant Manager at Defendants' McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016 (the "Class").

(ECF No. 286).

9.      As part of finally approving the Settlement, and pursuant to the Parties'

request as part of the Settlement Agreement, the Court slightly modifies the final Settlement

Class definition to avoid any ambiguity:

> All women who worked in a position below the level of Assistant Manager at the McDonald's restaurant located at 730 North Cedar Street in Mason, Michigan during at least one shift with Shawn Banks since November 12, 2016 (the "Class").

10.     The Settlement Agreement submitted by the Parties is finally approved

pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, adequate,

and in the best interests of the Settlement Class. In particular, the Court finds that:

(A)  the Class Representatives and Class Counsel have adequately represented the class;

(B) the Settlement was negotiated at arm's length;

(C) the relief provided for the Settlement Class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of the claims process; and

(iii) the attorney's fees, which this Court has independently reviewed.

(D) The Plan of Allocation treats Settlement Class Members equitably relative to each other.

11.     The Parties are directed to perform all obligations under the Settlement

Agreement in accordance with its terms.

4

12.     The Parties and each person within the definition of the Settlement Class are hereby bound by the terms and conditions of the Settlement Agreement, except for those who have duly and timely excluded themselves. Attached to this Final Order and Judgment as Exhibit A is a list of the names of each Settlement Class Member who has filed a timely and proper request for exclusion from the Settlement Class under the procedures set forth in the Settlement Agreement.

13.     The Litigation is hereby dismissed with prejudice and without costs, except as to the Court-approved attorneys' fees and litigation expenses to Class Counsel. The Court hereby awards $375,000 in attorneys' fees and $70,000 in litigation costs. This Judgment has been entered without any admission by any Party as to the merits of any allegation in this Litigation and shall not constitute a finding of either fact or law as to the merits of any claim or defense asserted in the Litigation.

14.     Released Claims of all Settlement Class Members are hereby fully, finally and forever released, discharged, compromised, settled, relinquished and dismissed with prejudice against all of the Released Parties.

15.     Members of the Settlement Class and their successors and assigns are hereby permanently barred and enjoined from asserting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, in any manner, any Released Claim against any one of the Released Parties in any forum, with the exception of any Settlement Class Members who have duly and timely excluded themselves.

16.     The Settlement Agreement, Settlement related documents and/or the Court's approval thereof, does not constitute, and is not to be used or construed as any admission by Settling Defendants or by any Released Party of any allegations, claims or alleged wrongdoing.

17.     The Court approves an award of $10,000 to each of the Plaintiffs: Jenna Ries, Katlyn Barber, Joanne Bishop, and Emily Anibal, as a reasonable payment for their efforts, expenses and risk as Plaintiffs in bringing this action, which shall be paid by Defendant as provided in the Settlement Agreement.

18.     Without affecting the finality of this judgment, the Court's retained jurisdiction of this Settlement also includes the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction of, and the Parties and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court for, any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment, the Settlement Agreement, or the Applicability of the Settlement Agreement.

19.     The Court finds that the Settlement Class Members were given a full and fair opportunity to object to the Settlement, to exclude themselves from the Settlement Class and/or to appear at the final fairness hearing pursuant to the requirements set forth in the Settlement Agreement and Preliminary Approval Order.

20.     ~~The Objection[s] filed are hereby denied.~~  No objections were filed.

21.     The Court finds that no just reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed to enter final judgment.


Dated:  August 16, 2022                    /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE


6